VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00053

| Town of Bennington v. Rowland et al |
|---|

## ENTRY ORDER

**Title:**       Motion to Delay Setting Trial

**Filer:**       Christina Mansfield, attorney for Respondent Brenda Rowland

**Filed Date:**  December 7, 2025

Memorandum in Opposition filed December 17, 2025, by Merrill Bent, attorney for Town of Bennington

**The motion is GRANTED in part and DENIED in part.**

This is a municipal zoning enforcement action initiated by the Town of Bennington (Town) against Brenda and Joshua Rowland (Respondents) for alleged violations occurring on the property located at 860 Houghton Lane, Bennington, Vermont (the Property).   Zachary Rowland, who is not a respondent in this action, but who has power of attorney on behalf of his mother, Respondent Brenda Rowland, has asked the Court to delay setting a trial date until sometime in the spring of 2026. Respondent's motion also asks the Court to delay setting a discovery schedule.  The Town opposes the motion to delay trial.[1]

To put this Entry Order in context, some background is necessary.  This matter was commenced by complaint filed July 1, 2024.  At the time of the initial status conference on September 30, 2024, the Court established that Respondent Brenda Rowland had a serious health condition and was largely bed-bound, and that Respondent Joshua Rowland (Brenda Rowland's son) was in Department of Corrections (DOC) custody.  Zachary Rowland (also a son of Ms. Rowland) appeared at the initial conference to assist his mother and indicated to the Court that he had been making efforts to clean up the Property and that those efforts were ongoing.  Thereafter, with the Town's consent, the Court repeatedly continued this matter to allow for those efforts to continue and for the parties to engage in possible settlement negotiations.  On September 29, 2025, during a status conference, the Town indicated that it had concerns about the progress of clean up and asked this Court to set

---

[1]  The Town's opposition filing does not address the issue of the discovery schedule.

the case for trial. The Court asked the parties to provide their availability for trial. The Court also scheduled a follow up status conference for October 15, 2025 after questions about Ms. Rowland's competency/capacity to represent herself at trial came to the Court's attention. The Court then began a process of attempting to identify potential counsel to represent Ms. Rowland, ultimately resulting in Attorney Mansfield entering an appearance in this matter on December 17, 2025.[2] In the interim, the Town again requested, by letter dated December 8, 2025, that the Court set this matter for trial. Ms. Rowland now seeks a further continuance of the merits hearing (which has not yet been scheduled), while the Town requests a trial date.

There are two distinct issues in this zoning enforcement action, for which the Town bears the burden of proof, that could impact the trial schedule based on their disposition: (1) whether the alleged violations have occurred; and (2) the appropriate remedy for any such violations. If, as the Town has alleged, the Zoning Administrator issued a Notice of Violation (NOV) to Respondents and that NOV was not appealed, proof on the first issue may be relatively straightforward. The second issue—the remedy for any violations that are established—is a more complicated matter since the Court will be required to consider both appropriate penalties and injunctive relief. Although the first issue may be more readily resolvable, the second requires the weighing of multiple factors and potentially competing evidence to determine the appropriate penalties and injunctive relief (if any) under 24 V.S.A. §§ 4451, 4452.[3]

While the Court understands the Town's desire to bring this matter to a hearing promptly, it is mindful of Attorney Mansfield's recent involvement in this case and the fact that her client (as well as her client's agent) have significant health issues. It is reasonable and appropriate to give Attorney Mansfield at least 90 days to consult with her client, further explore settlement options, and/or prepare for trial. This additional time will also provide Ms. Rowland (acting through her agents) with a further opportunity to make progress toward cleaning up the Property. With that said, however, Ms. Rowland should be aware that the length of time that a violation has existed is a factor that the Court considers when determining the amount of a penalty. Accordingly, Ms. Rowland's motion to delay setting trial is **GRANTED IN PART**. Thus, the Court will not look to set a merits hearing in this matter until early April 2026.

---

[2] The Court wishes to express its sincere thanks to Attorney Mansfield for her willingness to become involved in this matter and to provide legal services to Ms. Rowland. Her involvement is greatly appreciated by the Court and furthers the full and fair administration of justice.

[3] Any evaluation of penalties will likely require the Court to consider the factors listed in 10 V.S.A. § 8010.

Ms. Rowland also asks that the Court wait to set a discovery schedule in this case. The Town has not addressed this issue. The Court typically asks the parties at the initial status conference to file a proposed scheduling order addressing various issues, including discovery.[4] In this case, it did not do so given the issues and procedural history set forth above.[5] If a discovery schedule is now desired, the parties are encouraged to confer to develop a mutually agreeable schedule. However, the Court does not believe that it is reasonable to wait any longer to establish a schedule for discovery. If discovery is desired, the parties should commence such targeted discovery immediately, even in the absence of an established schedule and with due consideration for the Court's above continuation of trial until April 2026. To the extent that Ms. Rowland is requesting that the Court postpone discovery to some unspecified future date, that request is **DENIED.**

This matter has been scheduled for a status conference on January 5, 2026. The parties and the Court can discuss any remaining issues at that time.

Electronically signed on December 31, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[4] Ideally, the parties come to the initial status conference having already discussed and agreed on a schedule.

[5] However, there is nothing that precludes (or has precluded) the parties from engaging in necessary discovery consistent with Court rules, even in the absence of a discovery schedule.